# UNITED STATES DISTRICT COURT
## for the
## Middle District of North Carolina

### Petition for Warrant or Summons for Offender Under Supervision

| | | |
|---|---|---|
| Name of Offender: | JOE LEE NEWCOMB | Docket Number: 1:06CR421-1 |

Name of Sentencing Judicial Officer:     The Honorable William L. Osteen

Date of Original Sentence:     March 30, 2007

Original Offense:     Possession of Firearm in Commerce by Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) & 924(e).

Original Sentence:     Sentenced to the custody of the Bureau of Prisons for a term of 180 months followed by a 5 year term of supervised release.

Type of Supervision: Supervised Release     Date Supervision Commenced: July 19, 2019
Date Supervision Expires: July 18, 2024

Assistant U.S. Attorney: Michael DeFranco     Defense Attorney: William S. Trivette

## PETITIONING THE COURT

[X]     To issue a Warrant. For compelling reasons, this Petition and Warrant shall remain sealed until the Warrant is executed except as necessary for law enforcement to effect the arrest of the defendant. The Clerk shall provide a copy of the petition and Warrant to the U.S. Attorney's Office and the United States Marshals Service.

[ ]     To issue a summons

The probation officer believes that Mr. Newcomb has violated the following condition(s) of supervision:

**Violation 1 - You must not commit another federal, state or local crime.**

On March 19, 2023, a warrant was issued for Mr. Newcomb by the Wilson (NC) Police Department for Felony Possession of Firearm by Felon (23CR260655) and Misdemeanor Assault by Pointing a Gun (23CR260661). The offense date was March 18, 2023. The warrant remains outstanding.

According to incident reports, on March 18, 2023, authorities responded to a residence in response to a suspicious person with a weapon call. Upon arrival, authorities observed Mr. Newcomb lying unconscious on the front porch. Another male was on the porch with Mr. Newcomb and a female inside the home, identified as Ashley Beverly, was in possession of a firearm, identified as a Raven Arms MP-25 semi-automatic pistol (serial number: 1423776). It should be noted, there was no ammunition located within the magazine or chamber of the firearm.

As noted in the report, Ms. Beverly gave her mother, Sonya Williams, an ultimatum about living at the residence. Ms. Williams decided to vacate the residence and called her brother-in-law, Mr. Newcomb, to assist her in moving. After Mr. Newcomb arrived, Ms. Beverly heard a commotion outside the home and heard her boyfriend, John Smith, shout, "He's got a gun," as they were engaged in a fight. Mr. Smith was able to disarm Mr. Newcomb and throw the gun away from him. He then told Ms. Beverly to grab the gun

RE: Joe Lee Newcomb                                                                                                       2

and run. The firearm was seized by authorities. However, there were no suitable fingerprints located on the firearm to complete a fingerprint analysis.

Authorities spoke with Mr. Smith, who advised Mr. Newcomb had pointed the gun at his face. Authorities also heard Mr. Newcomb, after he became conscious, make a statement in which he admitted to being a convicted felon, which was later confirmed by a criminal record inquiry.

EMS was called to the scene and Mr. Newcomb was subsequently transported to the hospital to evaluate his injuries. Mr. Newcomb then stated he was never in possession of a handgun. He advised he was drinking and "buzzed." He denied knowledge of why he was assaulted and how he was knocked unconscious. During the ride, authorities detected the odor of alcohol emanating from Mr. Newcomb's breath. Mr. Newcomb was released from custody the same night, due to his current medical condition. He was advised he would still have active warrants and was instructed to contact authorities upon his release to self-surrender. Mr. Newcomb then made a statement heard by authorities in which he divulged he may have pointed his hand, like a gun, at Mr. Smith's face during the incident.

**Violation 2 – The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.**

Mr. Newcomb failed to report his law enforcement contact, as noted in Violation One, to the probation office within 72 hours. He instead informed the probation officer via voicemail on March 24, 2023, that he would self-surrender to the probation officer on the subsequent day, which he failed to do.

**Violation 3 – The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.**

Mr. Lee has not made himself available for supervision since August 21, 2023.


U.S. Probation Officer Recommendation:

[X]     The term of supervision should be
        [X]     revoked.
        [ ]     extended for   years, for a total term of   years.

[ ]     The conditions of supervision should be modified as follows:


I declare under penalty of perjury that the forgoing is true and correct.

Executed on     October 11, 2023

*Samuel Rickaby*
Samuel Ryan Rickaby
U.S. Probation Officer

RECEIVED

OCT 12 2023

US Marshals Service. M'NC

Approved by:

_[signature]_

Timothy L. Furlow
Supervisory U.S. Probation Officer

October 11, 2023
Date

**RECEIVED**

**OCT 12 2023**

US Marshals Service. M/NC